# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0207V
UNPUBLISHED

| | |
|---|---|
| AMANDA GRUE, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 6, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Emily H. Manoso, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 7, 2021, Amanda Grue filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on October 12, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 2, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent states that "it is Respondent's position that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA. Petitioner did not have a history of left shoulder pain and the medical records reflect an onset within 48 hours. Petitioner's left shoulder pain and reduced range of motion was limited to her shoulder and no other condition or abnormality explained her shoulder pain." *Id.* at 8. Respondent further agrees that "the records show that the case was timely filed, that the vaccine was received in the United States, and that Petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master